```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
            -v-                                                    :   20-CR-126-LTS
                                                                   :
ADELMIR OLIVA,                                                     :
                                                                   :
                        Defendant.                                 :
                                                                   :
-------------------------------------------------------------------X
```

### MEMORANDUM ORDER

Defendant Adelmir Oliva ("Defendant" or "Mr. Oliva") moves for a Court order directing the production of the Government's confidential informants for an interview. (Docket entry no. 235.) The Court has carefully considered the submissions of the parties, including the Government's opposition dated March 28, 2022 (docket entry no. 279 ("Opp.")) and Defendant's reply (docket entry no. 283 ("Reply")) and, for the following reasons, grants in part and denies in part Defendant's motion.

### BACKGROUND

The Indictment in this case comprises two counts. (Docket entry no. 2 (the "Indictment").) Count One charges Mr. Oliva and eleven others with violating 21 U.S.C. section 846 by participating in a narcotics conspiracy between 2015 and February 2020, involving one kilogram and more of mixtures and substances containing a detectable amount of heroin, 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, and 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, all in violation of 21 U.S.C. section 841(b)(1)(A). The Indictment does not enumerate any overt acts committed by either Mr. Oliva or his co-defendants. Count Two charges the same group of

defendants with knowingly using, carrying, and possessing firearms, and aiding and abetting the use, carrying, and possession of firearms, some of which were brandished and discharged, during and in relation to the narcotics distribution conspiracy charged in Count One, in violation of 18 U.S.C. sections 924(c)(1)(A)(i), (ii), (iii), and 2.

Mr. Oliva was arrested, presented, and arraigned on February 20, 2020. Since that date, the Government has produced to Mr. Oliva's counsel a "vast" amount of discovery. (Docket entry no. 235-1 ("Touger Decl.") ¶ 4.) That discovery includes social media posts by Mr. Oliva—including one in which he is pictured standing next to one of his co-defendants displaying what may be a gang-related hand sign, and another containing a picture of cash, a bag of what appears to be marijuana, and a sheathed knife—as well as recordings of phone calls Mr. Oliva made from prison, in which he reportedly attempted, but failed, to arrange to have the drug K2 imported into his facility. (Opp. at 1-2; Reply at 2-3.) The discovery also includes evidence of "over 40 undercover drug buys" involving certain of Mr. Oliva's co-defendants, though none involving Mr. Oliva himself. (Opp. at 1.) The discovery does not include "physical evidence such as telephone records, GPS monitoring, text messages, surveillance photos or video, fingerprints, [or] law enforcement surveillance" evidencing Mr. Oliva's participation in the charged conspiracy through any agreement to distribute, or distribution of, heroin, fentanyl, or cocaine base, or his possession or use of firearms. (Touger Decl. ¶ 5.)

The Government proffers that, at trial, it intends to rely on the testimony of "at least two confidential informants" (Touger Decl. ¶ 7) in order to establish "the fact that [Mr. Oliva] sold crack with the gang, that [he] possessed guns, and that [he] used these guns to further the narcotics conspiracy." (Opp. at 2-3.) Defendant moves for an order requiring the production of these confidential informants.

D<span>ISCUSSION</span>

"The government is not generally required to disclose the identity of confidential informants," United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997), given its strong "interest in protecting the anonymity of informants who furnish information regarding violations of law." Id.  However, a criminal defendant may show the need for disclosure of an informant's identity by establishing that, absent such disclosure, he will be deprived of his right to a fair trial, in which case the government's privilege "must give way." Id.  In determining whether a defendant has met his burden to show such a need, there is "no fixed rule." United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988) (quoting Roviaro v. United States, 353 U.S. 53, 62 (1957)). Instead, the Court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense," in light of "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Saa, 859 F.2d at 1073 (citations omitted).  "[G]enerally," the defendant will have established a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." Id. (quoting United States v. Russotti, 746 F.2d 945, 950 (2d Cir. 1984)).  However, merely proffering that "the informant was a participant in or witness to the crime charged, or that the informant might cast doubt on the general credibility of a government witness," is not enough. United States v. Flaharty, 295 F.3d 182, 202 (2d Cir. 2002).  In other words, a defendant must show that the informant's testimony is "material to the defense." Saa, 859 F.2d at 1073.

"Disclosure is a matter which lies within the sound discretion of the district court[.]" Fields, 113 F.3d at 324; accord United States v. Hyman, 128 F. App'x 195, 197 (2d

Cir. 2005) ("We review the district court's decisions as to disclosure of the identity of confidential informants for abuse of discretion.").

Where a defendant meets his burden to show that the disclosure of confidential informants is warranted, the Government need not necessarily "disclose the names, addresses, social security numbers, and present whereabouts of the confidential informants." United States v. Rodas, No. 91-CR-1036-LLS, 1992 WL 30936, at *2 (S.D.N.Y. Feb. 13, 1992). Instead, the government "may produce them for an interview with defendant's counsel," id., and, where the security of the informant(s) may be placed at risk by such an interview, the Court may direct a "middle course" of production of the informant(s) for an in camera meeting with defense counsel and the Court. Saa, 859 F.2d at 1074-75.

In this case, Defendant has met his obligation of showing that delaying disclosure of the Government's confidential informants until trial (or immediately before trial, see Opp. at 4-5) would deprive Mr. Oliva of his right to a fair trial because the confidential informants at issue are the "key witness[es] or participant[s] in the crime[s] charged," Saa, 859 F.2d at 1073, as it relates to Mr. Oliva's alleged participation in those crimes, and persons "whose testimony would be significant in determining [the] guilt or innocence" of Mr. Oliva. Id.

The discovery produced by the Government, as it relates to Mr. Oliva and as reported to the Court, is not evidence that Mr. Oliva participated in a conspiracy to distribute heroin, fentanyl, or cocaine base, or that he possessed, carried, or used any firearms in connection with such a conspiracy. The Government's only proffered source of that evidence is the testimony of its confidential informants; their knowledge is therefore likely to be of great significance to the Government's case against Mr. Oliva. Indeed, without disclosure of their information, the defense is unable to prepare any defense, such an alibi defense, because the

defense has not been provided any specifics as to Mr. Oliva's alleged participation in the conspiracy and firearms offenses charged. On the particular facts of this case, therefore, Defendant has shown that disclosure of the confidential informants on whom the Government intends to rely to prove Mr. Oliva's alleged criminal conduct is necessary to ensure a fair trial. See United States v. Gomez, No. 17-CR-602-JMF, 2018 WL 501607, at *3 (S.D.N.Y. Jan. 19, 2018) ("[I]t is hard to imagine a stronger case for disclosure, as the Government's prosecution appears to rest entirely on what happened in the meetings with the Confidential Source."); United States v. Steele, 83 F. Supp. 2d 340, 343 (N.D.N.Y. 2000) ("In this case, the informants were witnesses to and direct participants in all of the significant events surrounding the crimes charged. As such, they are 'obviously . . . crucial witness[es] to the alleged narcotics transactions.'" (citation omitted)).

The timing and conditions of the disclosure remain to be determined. In that connection, the Court considers the violent nature of Count Two of the Indictment and the Government's proffer concerning potential risks resulting from immediate disclosure of its confidential informants. (Opp. at 5.) See also Saa, 859 F.2d at 1075 (suggesting that "a middle course" of an in camera meeting with defense counsel and the Court might satisfy the "defendants' right personally to request an interview with the informant, without jeopardizing the informant's safety"); Gomez, 2018 WL 501607, at *4 ("[B]alancing the Defendants' need against the Government's interest in protecting both the safety of the Confidential Source and the integrity of its ongoing investigations, the Court concludes that disclosure no later than six weeks before trial is appropriate."). The Court also considers the fact that Mr. Oliva has requested a change of counsel (see docket entry no. 286), a request the Court intends to consider during a conference scheduled for April 27, 2022. (Id.) In light of that pending request, and of the lack

of briefing from the parties on the question of when and under what conditions disclosure of the Government's confidential informants should occur, the Court will direct counsel for the parties to meet and confer regarding the conditions of the disclosure, and the appropriate means of protecting the safety of the confidential informants, following the resolution of Mr. Oliva's request for a change of counsel. Any remaining dispute regarding the terms and conditions of the disclosure can be raised with the Court if the parties are unable to agree on such terms.

## Conclusion

For the foregoing reasons, Defendant's motion seeking the disclosure for interview of the confidential informants the Government intends to rely on to establish Mr. Oliva's participation in the conspiracy and firearms offenses charged in the Indictment is granted. The remaining miscellaneous elements of the motion (see docket entry no. 235 at 1) are denied without prejudice.[1] After the resolution of Mr. Oliva's pending request for a change of counsel, defense counsel and the Government are directed to promptly meet and confer regarding the conditions of the disclosure, and the appropriate means of protecting the safety of the disclosed confidential informants. The parties shall file a joint letter identifying the agreed terms and/or any outstanding dispute in this regard by **May 25, 2022**.

Docket entry no. 235 is resolved.

SO ORDERED.

Dated: New York, New York  /s/ Laura Taylor Swain
April 14, 2022  LAURA TAYLOR SWAIN
  Chief United States District Judge

---

[1] Defendant's request for permission "to join co-defendant motions that are relevant to him" is denied without prejudice to renewal, if appropriate, after the Court's resolution of the motion filed by co-defendant Malik Holloway (docket entry no. 263), and Defendant's request for permission "to make additional motions at a later time if they become necessary such as severance motions" is denied without prejudice as unripe.